```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                              :

DAVID WAYNE POPE and                :   BK No. 06-10169
NAIRI POPE                                  Chapter 13
         Debtors

- - - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER DENYING MOTION FOR ORDER CONFIRMING TERMINATION OF THE AUTOMATIC STAY

APPEARANCES:

    Peter Iascone, Esq.
    Attorney for Debtors
    117 Bellevue Avenue
    Newport, Rhode Island 02840

    Thomas E. Carlotto, Esq.
    Attorney for Creditor, GRP Loan LLC
    SCHECHTMAN HALPERIN SAVAGE
    1080 Main Street
    Pawtucket, Rhode Island 02860

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 06-10169

Heard on GRP Loan LLC's request for an order confirming that the automatic stay is terminated under 11 U.S.C. § 362(c)(3)(A) with respect to its collateral, the Debtors' home in Cranston, Rhode Island.

This is the Debtors' second bankruptcy filing within the preceding year.  Their first Chapter 13 was filed on August 19, 2005, and was dismissed on September 14, 2005, when the Debtors failed to file required documents.  The instant case was filed on March 1, 2006, and the Debtors are currently operating under a confirmed Chapter 13 plan.  At issue is whether Section 362(c)(3)(A) gives the creditor relief from the automatic stay as to these *two time* Debtors only, or whether said relief extends to the real estate, as well.  For the reasons discussed below, I conclude that Section 362(c)(3)(A) only gives the creditor relief from the automatic stay with respect to the Debtors and the Debtors' property, but not as to property of the estate.

### DISCUSSION

The statue in question provides:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to

1

BK No. 06-10169

> any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case; …

11 U.S.C.A. § 362(c)(3)(A)(emphasis added).

Although some bankruptcy judges addressing this statute have commented that it is puzzling, and subject to varying interpretation, a consensus as to its meaning and application has nevertheless emerged. *In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005); *see also In re Paschal*, 337 B.R. 274, 277 (Bankr. E.D.N.C. 2006). A majority of courts now hold that § 362(c)(3)(A) "unambiguously terminates the automatic stay *only* as it applies to 'debts' or 'property of the debtor'", and not to property of the estate. *In re Moon*, 339 B.R. 668, 673 (Bankr. N.D. Ohio 2006) (emphasis added); *see also In re Paschal*, 337 B.R. 274, 281 (Bankr. E.D.N.C. 2006) (holding that § 362(c)(3) terminates the stay *only* as to a formal judicial action against the debtor that was initiated prior to the later bankruptcy case being filed); *In re Jones*, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006) (holding that § 362(c)(3)(A) terminates the stay with respect to the property of the debtor and not with respect to property of the estate); *In re Bell*, 2006 WL 1132907, *2 (Bankr. D. Colo. April 27, 2006) (termination of stay is limited to actions taken against the debtors and not property of the estate).

2

BK No. 06-10169

Some courts have referenced § 362(c)(4)(A) to support the limiting interpretation of Section 362(c)(3)(A), noting that the former statute deals with termination of the stay when the debtor has more than two bankruptcy filings in the preceding year, and that "the stay under subsection (a) shall not go into effect upon the filing of the later case."  While the statute in question exhibits the same mediocre draftsmanship as the bulk of the BAPCPA of 2005, in this instance it does accomplish its intended purpose, i.e., to terminate the stay for all purposes in *two filing* cases, but is equally clear in drawing a distinction for other classes of repeat filers.  *See In re Moon*, 339 B.R. at 672; *See also In re Paschal*, 337 B.R. at 278-79 (holding that the difference in the language signaled that the scope of the automatic stay termination under § 362(c)(3)(A) is narrower and more limiting than that of § 362(c)(4)(A)); *In re Jones*, 339 B.R. 360, 364 ("if Congress had intended that the automatic stay would terminate under § 362(c)(3)(A) as to property of the estate, it would have specifically said so, as it did in § 521(a)(6)").  "Where Congress includes particular language in one section of a statute but omits it in another it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. U.S.*, 508 U.S. 200, 208 (1993); *In re Ground Systems, Inc.*, 213 B.R. 1016, 1019 (9th Cir. BAP 1997).

3

BK No. 06-10169

While mindful of Judge Rosenthal's recent decision in *In re Jumpp*, 344 B.R. 21 (Bankr. D. Mass. 2006), holding that upon the filing of the second bankruptcy petition, the stay terminates 30 days after the filing as to both the debtor and property of the estate, I am inclined here to go with the majority view. In comparing § 362(c)(3)(A) with § 362(c)(4)(A) Judge Rosenthal reasoned:

> The Court does not believe that Congress intended to give a debtor filing her second bankruptcy within one year after her previous case was dismissed significantly greater protection than a debtor who is filing her third petition. Read together, the distinction that Congress was intending is that the "two-time" filer gets some breathing space, albeit only thirty days unless within that time the Court finds the debtor has met her burden for extending the stay while a debtor filing her third or more petition has no automatic stay protection.

*In re Jumpp*, 344 B.R. at 27. I feel that in this instance Congress has demonstrated an awareness of the difference between a stay against property of the estate, and a stay against the debtor under § 521(a)(6), which deals with the consequences of a debtor's failure to reaffirm or redeem certain personal property subject to a purchase money security interest. In that instance Congress stated: "If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected...". 11 U.S.C. § 521(a)(6). In §

4

BK No. 06-10169

362(c)(3)(A), Congress makes no such distinction and only states: the stay is lifted "with respect to the debtor."

Accordingly, I conclude that termination of the automatic stay under Section 362(c)(3)(A) applies only to the debtor or *the debtor's property,* and not to property of the estate. Finally, because in this case the Debtors' home is property of the estate,[1] the Creditor's request for a determination that the stay is terminated with respect to the subject property is DENIED.

Dated at Providence, Rhode Island, this 3rd day of October, 2006.

                                         Arthur N. Votolato
                                         U.S. Bankruptcy Judge

Entered on docket: 10/3/2006

---

[1] The Order confirming the Chapter 13 Plan (Doc. #40) states: Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. Sec. 541 and 1306, including, but not limited to any appreciation in the value of real property owed by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

5